UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------  x
KEVIN HARRIS,                                     :
                                                  :
                              Plaintiff,          :
                                                  :          **MEMORANDUM &**
              -against-                           :          **ORDER**
                                                  :
KENNY, et al.,                                    :          21-CV-703 (VDO)
                                                  :
                              Defendants.         :
------------------------------------------------------------  x
```

**VERNON D. OLIVER**, United States District Judge:

## I.   __INTRODUCTION__

The plaintiff, Kevin Harris, filed this action against Department of Correction officials asserting Eighth Amendment claims for use of excessive force and deliberate indifference to medical needs, First Amendment claims for violation of his right to practice his religion, and retaliation, and claims for supervisory liability.  Following initial review, the remaining claims are the Eighth Amendment excessive force claim against Captain Kenny for use of a chemical agent, the Eighth Amendment claim for deliberate indifference to a serious medical need against Captain Kenny and Officer Major, and the First Amendment retaliation claim against Captain Kenny.  See Initial Review Order, Doc. No. 9 (Haight, U.S.D.J.).   Defendants Kenny and Major ("the defendants") have filed a motion for summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies before commencing this action, the plaintiff fails to state cognizable claims for relief, and the defendants are protected by qualified immunity.  Although over four months have passed since the response date, the plaintiff has not responded to the motion for summary judgment.  For the following reasons, the defendants' motion is granted.

## II.   <u>STANDARD</u>

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Which facts are material is determined by the substantive law.  *Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …."  *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted).  To defeat a motion for summary judgment, the non-moving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801

F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

### III.   <u>FACTS</u>[1]

On August 8, 2018, the plaintiff was in Captain Kenny's office being questioned about an incident where he did not follow orders to return to his cell and lock up.  Defs.' Local Rule 56(a)1 Statement, Doc. No. 19-2, ¶ 3.  Officer Major was present at the meeting.  *Id.* ¶ 6.  The plaintiff alleges that, during this meeting, he told Captain Kenny and Officer Major that he was allergic to the chemical agent used by correctional staff.  *Id.* ¶ 4.  Captain Kenny and Office Major do not recall this statement.  *Id.* ¶¶ 7, 10.  The plaintiff did not inform the defendants of his chemical agent allergy at any other time.  *Id.* ¶ 5.

---

1 The facts are taken from the defendants' Local Rule 56(a)1 Statement and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party.  Each denial must include a specific citation to an affidavit or other admissible evidence.  D. Conn. L. Civ. R. 56(a)3.

Although the defendants informed the plaintiff of this requirement, *see* Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local Rule of Civil Procedure 56(b) Doc. No. 19-3, the plaintiff has not filed a Local Rule 56(a)2 Statement.  Nor has he responded to the motion for summary judgment in any way.

The fact that the plaintiff is unrepresented does not excuse him from complying with the court's procedural and substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing *Treistman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("when a plaintiff is proceeding *pro se*, 'all normal rules of pleading are not absolutely suspended'" (citation omitted)). Thus, the defendants' facts, where supported by evidence of record, are deemed admitted. See D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions....").

Neither Captain Kenny nor Officer Major was able to access the plaintiff's medical records and had no knowledge on August 8, 2018, that the chemical agent allergy was documented in the plaintiff's medical records.  *Id.* ¶¶ 8-9, 11-12.

Later that same day, Captain Kenny sprayed the plaintiff with a chemical agent.  *Id.* ¶ 13.  The plaintiff did not know where Officer Major was located when Captain Kenny sprayed the chemical agent.  *Id.* ¶ 14.

On August 27, 2018, Officer Major searched the plaintiff's property which had been stored in the property room at Garner Correctional Institution ("Garner").  *Id.* ¶ 15.  Officer Major found a white powdery substance in the plaintiff's shoe.  *Id.* ¶ 16.  Officer Major conducted a field test on the substance which was positive for cocaine.  *Id.* ¶¶ 17-18.  A trained canine also indicated the substance contained narcotics.  *Id.* ¶ 20.  That same day, Officer Major informed Captain Kenny of the substance, the result of the field test, and the canine alert.  *Id.* ¶ 22.

On August 28, 2018, Captain Kenny reported these results to the deputy warden, and they determined that the state police should be notified.  *Id.* ¶ 24.  The state police assumed the investigation.  *Id.*

The Administrative Remedies Coordinator at Garner has reviewed the records of all grievances filed by the plaintiff between August 1, 2018, through December 21, 2018.  *Id.* ¶ 25.  On August 27, 2018, the plaintiff filed a grievance concerning the use of excessive force by Captain Kenny.  *Id.* ¶¶ 27, 31.  The grievance was denied on October 25, 2018.  *Id.* ¶ 28. Although the grievance response indicated that the plaintiff could appeal the adverse decision, he did not do so.  *Id.* ¶¶ 28-29.  Even though the plaintiff has been transferred to a different correctional facility, if he had filed a grievance appeal, the appeal would have been returned

to Garner for review. *Id.* ¶ 30.  The plaintiff filed no other grievances relating to the claims in this action. *Id.* ¶ 31.

## IV.   <u>DISCUSSION</u>

The defendants move for summary judgment on three grounds: the plaintiff failed to exhaust his administrative remedies before commencing this action, the plaintiff fails to state cognizable claims for relief, and the defendants are protected by qualified immunity.  As the Court concludes below that the plaintiff failed to properly exhaust his administrative remedies, the Court addresses only the first ground for relief.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly.  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly").  "Exhaustion

is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by ... making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 RJS, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA.  *Id.* at 643-44.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."  *Id*. at 643.  "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use."  *Id*.  Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Id.* at 643.  The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" Williams *v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016).  In considering the issue of availability, however, the court is guided by these illustrations.  *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Exhaustion of administrative remedies is an affirmative defense.  Thus, the defendants bear the burden of proof.  *See Jones*, 549 U.S. at 216.  Once the defendants establish that administrative remedies were not exhausted before the inmate commenced the action, the plaintiff must establish that administrative remedy procedures were not available to him under *Ross*, or present evidence showing that he did exhaust his administrative remedies.  *See Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013) ("once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion [or] unavailability").

The general inmate grievance procedure is set forth in Administrative Directive 9.6. *See* Defs.' Mem. Ex. A, Doc. No. 19-4 (version of Directive 9.6 in effect at the time of the underlying incident). An inmate must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. Dir. 9.6(6)(A). If attempts to resolve the matter verbally are not effective, the inmate must make a written attempt using a specified form and send the form to the appropriate staff member or supervisor. *Id.* If an inmate does not receive a response to the written request within fifteen business days, or the inmate is not satisfied with the response to his request, he may file a Level 1 grievance. Dir. 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *Id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. Dir. 9.6(6)(I). The Unit Administrator may extend the response time by up to fifteen business days upon notice to the inmate on the prescribed form. Dir. 9.6(6)(J).

The inmate may appeal the disposition of the Level 1 grievance by the Unit Administrator, or the Unit Administrator's failure to dispose of the grievance in a timely manner, to Level 2. The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate and is decided by the District Administrator. Dir. 9.6(6)(K) & (M).

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator.  Dir. 9.6(6)(L).

The defendants have submitted evidence, the declaration of Administrative Remedies Coordinator Carlos Guamon and copies of the grievance and grievance log, showing that the plaintiff filed only one grievance during the period from August 8, 2018, through December 21, 2018.  That grievance concerned the deployment of the chemical agent by Captain Kenny. The plaintiff did not file any grievance relating to the search of his property or his retaliation claim.  Further, although the level 1 grievance indicated that the plaintiff could appeal the denial to level 2, he did not do so.  The plaintiff has not submitted any evidence showing that he did, in fact, submit such grievances or appeal the grievance he did file.

The plaintiff was required to file grievances for each claim asserted in this action and to comply with the established grievance procedures on each grievance before commencing this action.  As the plaintiff has not presented evidence demonstrating exhaustion of his administrative remedies or showing that administrative remedies were not available to him, he fails to meet his burden in opposition to the motion for summary judgment.  Accordingly, the defendants' motion for summary judgment is granted on the ground that the plaintiff failed to exhaust his administrative remedies before commencing this action.

## V.    CONCLUSION

The defendants' motion for summary judgment [**ECF No. 19**] is **GRANTED.**  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Hartford, Connecticut
December 5, 2023

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge